IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00459-WJM-KMT

JAMES P. TATTEN, individually,

    Plaintiff,

v.

BANK OF AMERICA CORPORATION,
BANK OF AMERICA, N.A.,
BAC HOME LOANS SERVICING, LP, and
BRIAN T. MOYNIHAN, in his official capacity as President and Chief Executive Officer,

    Defendants.

---

## [PROPOSED] SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Pursuant to Magistrate Judge Tafoya's Second Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting (Docket No. 16), the parties are called to a scheduling and planning conference on May 23, 2012 at 10:15 a.m. The parties will be represented at the conference by:

    ***Pro Se* Plaintiff:**    James P. Tatten
                                  8681 East 29th Avenue
                                  Denver, CO 80238
                                  (720) 256-3686

    **Defendants:**[1]    Melissa L. Morris
                              Akerman Senterfitt LLP

---

[1] For the purposes of this Order, "Defendants" are defined as Bank of America Corporation (**BOA**); Bank of America, N.A., on behalf of itself and as successor-by-merger to BAC Home Loans Servicing, LP (**BANA**); and Brian T. Moynihan (**Moynihan**).

1400 Wewatta Street, Suite 500
Denver, CO 80202
(303) 640-2540

## 2. STATEMENT OF JURISDICTION

The Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, as the plaintiff's complain is founded, in part, upon claims and rights arising under the laws of the United States.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. ***Pro Se*** **Plaintiff:** The Plaintiff's complaint alleges the following five claims based on the Defendant's acts, statements and business practices:

1. Fraudulent Misrepresentation;
2. Intentional Infliction of Emotional Distress;
3. Breach of Contract;
4. Breach of Fiduciary Duty; and
5. Violation of RESPA.

b. **Defendant(s):**

### 1. Plaintiff's Complaint Violates Rule 8.

Plaintiff's complaint fails at the onset because it violates FED. R. CIV. P. 8. Plaintiff consistently lumps all defendants together and/or solely makes allegations against "Bank of America" in the claims section of his Complaint, as if BOA and BANA were a single entity. Such group pleading is impermissible under Rule 8(a). *See Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). It is unreasonable to require defendants to guess which claims relate to each entity, and thus this improper lumping is sufficient grounds to dismiss the affected claims. *Id.*

Moreover, it is impossible to determine which conduct alleged in the "general

2

allegations" section of plaintiff's complaint serves as the basis for each of his causes of action. Plaintiff's complaint is simply not a "plain statement" containing "simple" and "concise" allegations, which serve to put defendants on notice of their wrongdoing. *See* Rule 8(a), (d)(1).

### 2. Plaintiff's Complaint Alleges No Wrongdoing by Moynihan.

Plaintiff's complaint fails in its entirety against Moynihan because it fails to make any allegations whatsoever regarding Moynihan. Plaintiff's complaint names Moynihan "in his official capacity as the Chief Executive Officer of Bank of America Corporation . . . ." (Compl. ¶ 20), but he is not mentioned anywhere else in the Complaint. For this reason, plaintiff's Complaint fails against Moynihan.

Moreover, plaintiff has not alleged any facts that would show Moynihan could be found personally liable for any of the actions alleged in his Complaint. To be found personally liable for the torts of a corporation, an officer must have **personally** participated in the alleged tort, or personally directed or approved of the tortious course of action. *See Hoang v. Arbess*, 80 P.3d 863, 868 (Colo. App. 2003) (collecting cases); *Dunbar v. Finegold*, 501 P.2d 144, 146 (Colo. App. 1972) ("Though the evidence supports the finding that Shirley Finegold was an officer and a director, her personal liability does not arise merely by virtue of her office but must be the result of her own tortious conduct."). Similarly, a corporate officer cannot be held liable for contracts of the corporation. *See Bidwell v. Jolly*, 716 P.2d 481, 483 (Colo. App. 1986). Here plaintiff has not asserted that Moynihan personally approved or directed the alleged tortious acts, or *even that he had knowledge* of those alleged acts. Thus, plaintiff's complaint fails as a matter of law against Moynihan.

### 3. Plaintiff Has Not Alleged A Claim for Fraudulent Misrepresentation.

Plaintiff's fraudulent misrepresentation claim appears to be based on all the allegations in his complaint. (*See*, Compl. ¶¶ 56-58.) Plaintiff's claim fails for this lack of specificity alone. Additionally, plaintiff's claim fails because he has failed to properly allege that BANA made any

misrepresentation, nor has he alleged any damages.

Plaintiff's fraud claim first fails for lack of specificity. Rule 9(b) requires a heightened pleading standard and provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The Tenth Circuit "requires a complaint alleging fraud to 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2006) (citing *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)). Plaintiff's allegations surrounding the alleged fraud consist of nothing more than vague allegations that point in general to a host of allegations made in the Complaint. As noted above, it is difficult to tell which allegations within the Complaint even form the basis for plaintiffs' fraud claim. Plaintiff fails to identify the contents of a single specific representation, much less one that is fraudulent. Moreover, plaintiff does not identify who made those statements, when they were made, or under what circumstances. Plaintiff simply repeats that BANA "misled and misrepresented material facts" to him in an attempt to parrot the legal elements to establish a claim for fraud, without incorporating a single factual allegation. Such pleading fails to meet the mandate of Rule 9(b), and on that basis alone, the Complaint should be dismissed.

Plaintiff's Complaint fails for the additional reason that he fails to establish the elements necessary to state a claim for fraud. To establish fraud, a plaintiff must prove that: (1) a misrepresentation of material fact was made by the defendant; (2) at the time the representation was made, the defendant knew the representation was false or was aware that he did not know whether the representation was true or false; (3) the plaintiff relied on the misrepresentation; (4) the plaintiff had the right to rely on, or was justified in relying on, the misrepresentation; and (5) the reliance resulted in damages. *Barfield v. Hall Realty, Inc.*, 232 P.3d 286, 290 (Colo. App. 2010). As noted above, plaintiff has not identified which representations contained within his Complaint were allegedly inaccurate or misleading, nor has he alleged which defendants made

4

those purported misrepresentations. Additionally, plaintiff's allegations of reliance and damages are wholly conclusory. At the time plaintiff signed the loan modification, he was substantially in default under his loan and was facing foreclosure. To the extent the damage alleged is the potential loss of his property, this is a result of plaintiff's admitted failure to make payments, not the result of any action by defendants. If anything, plaintiff was *benefited* by the loan modification, which allowed him to further delay the foreclosure of his property. As a result, plaintiff's claim for fraud must be dismissed.

### 4. Plaintiff Cannot Successfully Bring a Claim for Intentional Infliction of Emotional Distress Because He Does Not Allege Any Outrageous Conduct.

Plaintiff cannot establish a claim for intentional infliction of emotional distress because he alleges no outrageous conduct on the part of defendants. In order to state a claim for outrageous conduct, or intentional infliction of emotional distress (**IIED**), "a plaintiff must allege: (i) that the defendant engaged in extreme and outrageous conduct; (ii) that he did so recklessly or with the intent of causing the plaintiff severe emotional distress; and (iii) the conduct did indeed cause the plaintiff to suffer emotional distress." *Llewellyn v. Shearson Fin. Network, Inc.*, 622 F. Supp. 2d 1062, 1068 (D. Colo. 2009); *see also McKelvy v. Liberty Mut. Ins. Co.*, 983 P.2d 42, 44 (Colo. App. 1998). A defendant's conduct is "extreme and outrageous" when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Coors Brewing Co. v. Floyd* 978 P.2d 663, 665-66 (Colo. 1999); (quoting *Rugg v. McCarty*, 173 Colo. 170, 176 (1970)).

No reasonable mind could differ here on whether plaintiff's allegations support an outrageous conduct claim. He alleges only that "Defendant Bank of America" committed unspecified misconduct. (Compl. ¶ 64.) This allegation however does not allege what the "outrageous" conduct is, let alone whether it was done recklessly or with the intent of causing

plaintiff severe emotional distress. To the extent plaintiff alleges it was outrageous conduct to service, foreclose or otherwise enforce the Loan, "[i]t is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid." *Sierra-Bay Fed. Land Bank Ass'n v. Superior Court*, 227 Cal. App. 3d 318, 334 (1991). Plaintiff admits to defaulting on the Loan, and defendants committed no outrageous conduct by enforcing his obligations under it.

### 5. Plaintiff's Breach of Contract Claim Fails to Plead Any of the Elements of that Claim.

Plaintiff's third cause of action for breach of contract completely fails to plead the elements of that claim. A party seeking to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff, or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *Saturn Sys., Inc. v. Militare*, 252 P.3d 516, 529 (Colo. App. 2011) (citing *W. Distrib. Colo. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)). Plaintiff has failed to establish the existence of a contract between himself and defendants, his own performance, and a breach of any contract by any defendant.

As to the original note and deed of trust, plaintiff cannot establish the existence of a contract with BANA because no defendant is a party to the contract. Plaintiff admits that the parties to the contract were himself and AMN. (Compl. ¶ 73.) At best, BANA has been assigned the beneficial interest under the **Deed of Trust**, and therefore is a third-party intended beneficiary to that contract. Plaintiff also cannot show that he has performed under the original note or deed of trust, as he has not made a payment since December of 2008. (RJN Ex. 3 at 17:15-25.) Plaintiff has also failed to allege a single provision of the note that was allegedly breached. Finally, any damages plaintiff may have suffered are the result of his own failure to make payments.

With respect to the loan modification, plaintiff has shown the existence of a contract, but he has not alleged any other elements. Plaintiff has admitted in open court that he did not make any payments after December 2008 and has therefore admitted that he has not performed under the modification. (*Id.*)

With the respect to the "forbearance agreement," plaintiff's allegations are so vague that defendants are unable to determine whether plaintiff is even describing a written contract. Plaintiff himself seems unsure whether such an agreement ever existed, stating "[BANA] breached the terms, conditions and effect of a special forbearance by continuing its efforts to move his home towards foreclosure during the period of the forbearance agreement, *if any*." (Compl. ¶ 86 (emphasis added).)

### 6. Plaintiff's Breach of Fiduciary Duty Claim Fails as a Matter of Law Because Defendants Owed Plaintiff No Duty.

Plaintiff's claims for breach of fiduciary duty fail because as Colorado law does not recognize such a duty owed by a loan servicer to its customers. In Colorado "every contract contains an implied duty of good faith and fair dealing." *See Alpine Bank v. Hubbell*, 555 F.3d 1097, 1104 (10th Cir. 2009) (quoting *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo.1995)). A breach may occur when that party uses its discretion "'to act dishonestly or to act outside of accepted commercial practices to deprive the other party of the benefit of the contract.'" *Id.* (quoting *Wells Fargo Realty Advisors Funding, Inc. v. Uioli, Inc.*, 872 P.2d 1359, 1363 (Colo. App.1994)).

However, before there can be a breach of this fiduciary duty, plaintiff must first establish defendant owed him a duty. *See Dean Witter Reynolds Inc. v. Variable Annuity Life Ins. Co.*, 373 F.3d 1100, 1114-15 (10th Cir. 2004). This duty may be established by pointing to "a repose of trust by the customer along with an acceptance or invitation of such trust on the part of the lending institution." *Id.* (quoting *Uioli*, 872 P.2d at 1365). "[A]bsent a showing of special circumstances, a lending institution will not be considered the fiduciary of its customers." *Id.*;

*see Premier Farm Credit, PCA v. W-Cattle, LLC*, 155 P.3d 504, 522 (Colo. App. 2007) ("In the absence of special circumstances, the relationship between a lending institution and its customer is merely one of creditor and debtor."). Since plaintiff alleges no facts to suggest defendants owed him any type of duty, fiduciary or otherwise, this claim fails as a matter of law.

### 7. Plaintiff's RESPA Claim is Insufficiently Pled.

Plaintiff's fifth cause of action for violations of RESPA fails because plaintiff has not shown why his alleged October 2009 letter was a qualified written request (**QWR**). For correspondence to qualify as a QWR under 12 U.S.C. § 2605(e)(1)(B)(ii), it must contain a statement explaining "the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower." In addition, the correspondence must seek "information relating to the servicing of [the] loan." 12 U.S.C. § 2605(e)(1)(A).

District courts interpreting RESPA have concluded that "[a] letter cannot be 'qualified' under the statute if it does not relate to the servicing of the account, i.e. the allegation of an inaccurate account." *See, e.g., See Harris v. Am. Gen. Fin., Inc.*, No. 02-1395-MLB, 2005 WL 1593673, at *3 (D. Kan. July 6, 2005) (entering summary judgment against RESPA claim because borrower's letter was not a QWR), *aff'd*, 259 F. App'x 107, 110 (10th Cir. 2007). At best, plaintiff has alleged that his "QWR" requested "an investigation of misrepresentations made by [BANA] with respect to his mortgage account and foreclosure . . . ." (Compl. ¶ 100.) Such a vague request for an investigation of misrepresentations simply does not qualify as a QWR under RESPA, and therefore plaintiff's Complaint must be dismissed.

c. **Other Parties:** At this time, not applicable.

### 4. UNDISPUTED FACTS

The following are undisputed facts:

a. The Plaintiff executed an Adjustable Rate Note on March 03, 2004.

8

b.  Bank of America, N.A. is the servicer of Plaintiff's loan.

c.  The Defendant(s), either directly and/or indirectly through agents, employees, subsidiaries and/or related companies engage in transactions and business in the State of Colorado.

## 5. COMPUTATION OF DAMAGES

**Pro Se Plaintiff:** The Plaintiff seeks actual and general compensatory damages and punitive damages in amounts more than $75,000.00 dollars. The Plaintiff's calculations and damage amounts will be supplemented as they become more known in discovery.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  **Date of Rule 26(f) meeting:**

Pursuant to Magistrate Judge Tafoya's Second Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting, the parties conferred, via telephone, on the 2nd day of May, 2012, to discuss the preparation and content of a proposed scheduling order.

b.  **Names of each participant and party he/she represented.**

The participants in the May 02, 2012 conference and discussion were:

    **Pro Se Plaintiff:**  James P. Tatten
                                 8681 East 29th Avenue
                                 Denver, CO 80238
                                 (720) 256-3686

    **Defendant(s):**    Victoria E. Edwards
                                 Melissa L. Morris
                                 Akerman Senterfitt LLP
                                 1400 Wewatta Street, Suite 500
                                 Denver, CO 80202
                                 (303) 640-2540

c.  **Statement as to when Rule 26(a)(1) disclosures were made or will be available.**

The parties will exchange their Rule 26(a)(1) disclosures on May 16, 2012.

d.  **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Not applicable.

e.  **Statement concerning any agreements to conduct informal discovery.**

Not applicable.

f.  **Statement concerning any other agreements or procedures to reduce discovery and other litigation cost, including the use of a unified exhibit numbering system.**

Not applicable.

g.  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Not applicable.

h.  **Statement summarizing the parties discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have not engaged in discussions regarding the possibilities for the prompt settlement or resolution of this case.

## 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.  **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:**

No proposed changes.

10

**b.     Limitations which any party proposes on the length of depositions:**

No proposed changes.

**c.     Limitations which any party proposes on the number of requests for the production and/or requests for admission.**
No proposed changes.

**d.     Other Planning or Discovery Orders.**

No other planning or discovery orders.

## 9. CASE PLAN AND SCHEDULE

**a.     Deadline for Joinder of Parties and Amendment of Pleadings:**

July 9, 2012

**b.     Discovery Cut-off:**

October 19, 2012

**c.     Dispositive Motion Deadline:**

November 30, 2012

**d.     Expert Witness Disclosure:**

    **1.     The parties shall identify anticipated fields of expert testimony, if any.**

***Pro Se* Plaintiff's Experts:** The Plaintiff intends to call a witnesses to provide expert testimony on banking operations, policies, procedures, and standards; lending and lender liability; and forensic document analysis.

**Defendants:** At this time, Defendants do not anticipate calling any expert witnesses.

    **2.     Limitations which the parties propose on the use or number of expert witnesses.**

One.

    3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 28, 2012.

    4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 25, 2012.

    e.    **Identification of Persons to be Deposed:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| James P. Tatten | TBD | | 7 hours |
| BANA's Rule 30(b)(6) witness who testified at the C.R.C.P. 120 Hearing related to plaintiffs' property | TBD | | 7 hours |

The parties reserve the right to supplement this list at any time.

    f.    **Deadlines for Interrogatories:**

September 19, 2012

    g.    **Deadline for Requests for Production of Documents and/or Admissions:**

September 19, 2012

## 10. DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times:

    b.    A final pretrial conference will be held in this case on _____ at ___ o'clock __ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

    a.    **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort were unable to reach an agreement.**

None

    b.    **Anticipated length of trial and whether trial is to the court or jury.**

2-3 day trial to a jury

    c.    **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse Federal Building, 103 Sheppard Drive, Durango, Colorado.**

Not applicable.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C. COLO.LCivR.6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trials of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR7.1A.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 16th day of May, 2012.

BY THE COURT:

_____
United States Magistrate Judge
Kathleen M. Tafoya

APPROVED:

_____
James P. Tatten
8687 East 29th Avenue
Denver, CO 80238
720-256-3686
*Pro Se* Plaintiff

/s/ *Victoria E. Edwards*
Victoria E. Edwards #38938
Melissa L. Morris #43790
**AKERMAN SENTERFITT LLP**
1400 Wewatta Street, Suite 500
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
E-mail: victoria.edwards@akerman.com
E-mail: melissa.morris@akerman.com
*Attorneys for Defendant Bank of America, N.A.*