**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**


Civil Case No. 1:12-cv-00459-KMT


JAMES P. TATTEN, individually,

     Plaintiff,

v.

BANK OF AMERICA CORPORATION,
BANK OF AMERICA, N.A.,
BAC HOME LOANS SERVICING, LP, and
BRIAN T. MOYNIHAN, in his capacity as President and Chief Executive Officer,

     Defendants.

---

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Defendants Bank of America Corporation (**BOA**) and Bank of America, N.A. (**BANA**),

Bank of America, N.A., on behalf of itself and as successor-by-merger to BAC Home Loans

Servicing, LP (**BAC**) (collectively, **defendants**), respectfully request this Court take judicial

notice of the following:

    1.    **EXHIBIT 1**:   A true and correct copy of the deed of trust dated March 3, 2004

and recorded with the Official Records of the City and County of Denver on March 18, 2004 as

reception no. 2004072532.  It is appropriate for the court to take judicial notice of this document

because its accuracy is not subject to reasonable dispute and is of public record.

    2.    **EXHIBIT 2**:  A true and correct copy of the Notice of Election and Demand for

Sale by Public Trustee dated June 3, 2009 and recorded with the Official Records of the City and

1

County of Denver on June 10, 2009 as reception no. 2009072039.  It is appropriate for the court to take judicial notice of this document because its accuracy is not subject to reasonable dispute and is of public record.

3.      **EXHIBIT 3**:  A true and correct copy of the Withdrawal of Notice of Election and Demand for Sale by Public Trustee dated October 13, 2009 and recorded with the Official Records of the City and County of Denver on October 13, 2009 as reception no. 2009136035.  It is appropriate for the court to take judicial notice of this document because its accuracy is not subject to reasonable dispute and is of public record.

4.      **EXHIBIT 4**:  A true and correct copy of the Notice of Election and Demand for Sale by Public Trustee dated August 26, 2011 and recorded with the Official Records of the City and County of Denver on September 19, 2011 as reception no. 2011104232.  It is appropriate for the court to take judicial notice of this document because its accuracy is not subject to reasonable dispute and is of public record.

5.      **EXHIBIT 5**:  A true and correct copy of the Motion for Order Authorizing Sale, without attachments, filed on October 28, 2011 in the action styled as *In re Bank of America, N.A.*, Denver County District Court case number 2011CV007484 (**CRCP 120 Action**).  It is appropriate for the court to take judicial notice of this document because it is a public record and its accuracy is not subject to reasonable dispute.

6.      **EXHIBIT 6**:  A true and correct copy of the official transcript of a hearing dated January 20, 2012 in the CRCP 120 Action.  It is appropriate for the court to take judicial notice of this document because it is a public record and its accuracy is not subject to reasonable dispute.

7.     EXHIBIT 7:  A true and correct copy of the Order Authorizing Sale issued by the Honorable J. Eric Elliff of the CRCP 120 Action.  It is appropriate for the court to take judicial notice of this filing because its accuracy is not subject to reasonable dispute and is of public record.

8.     EXHIBIT 8:  A true and correct copy of the offer to enter into a loan modification, sent by BANA to plaintiff on or about August 29, 2009.  It is appropriate for the court to take judicial notice of this document because it is incorporated by reference in plaintiff's FAC, and central to plaintiff's claims.  (*See* FAC ¶ 33-34.)

The Court should take judicial notice of these documents because they are from sources whose accuracy cannot reasonably be questioned.  *See* FED. R. EVID. 201(b).  "The taking of judicial notice under Rule 201(d) is mandatory 'if requested by a party and supplied with the necessary information.'"  *Center For Native Ecosystems v. U.S. Fish & Wildlife Serv.*, No. 08-cv-2744, 2010 WL 2035580, at *2 (D. Colo. May 20, 2010) (quoting FED. R. EVID. 201(d)).  Pursuant to FED. R. EVID. 201, the court can take judicial notice "of its own files and records, as well as facts which are a matter of public record."  *Roueche v. U.S.*, No. 09-cv-00048-WDM-BNB, 2010 WL 3170758, at *3 (D. Colo. Aug. 10, 2010) (taking judicial notice of filings and orders from related case) (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir.2006) (citing *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000))); *Cartinelle v. Napolitano*, No. 08-cv-02223-REB-BNB, 2010 WL 2543575, at *2 n.1 (D. Colo. May 4, 2010) (finding Court "may take judicial notice of the records in the plaintiffs' previously filed cases").

The Court may also take judicial notice of documents attached or incorporated by reference in the pleadings, and documents that are referred to in the pleadings and central to the party's claim.  *See, e.g.*, *MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002); *Hubler v. Lander*, No. 08-cv-02546-PAB-BNB, 2010 WL 935667, at *4 n.3 (D. Colo. Mar. 10, 2010); *Walker v. Van Laningham,* 148 P.3d 391, 397 (Colo. App. 2006) ("In deciding whether to dismiss, the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the court may take judicial notice.").

By attaching the necessary information to determine the accuracy of these facts, defendants believes these are matters for which the Court must take judicial notice.  This Court can and should take judicial notice of these matters in deciding defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), without converting it into a motion for summary judgment.  *See MacArthur*, 309 F.3d at 1221.

Dated: February 21, 2013                    Respectfully submitted,

                                            */s/ Victoria E. Edwards*
                                            Justin D. Balser
                                            Victoria E. Edwards
                                            Melissa L. Cizmorris
                                            **AKERMAN SENTERFITT LLP**
                                            1400 Wewatta Street, Suite 500
                                            Denver, Colorado 80202
                                            Telephone:    (303) 260-7712
                                            Facsimile:    (303) 260-7714
                                            E-mail: justin.balser@akerman.com
                                            E-mail: victoria.edwards@akerman.com
                                            E-mail: melissa.cizmorris@akerman.com
                                            *Attorneys for Defendants Bank of America*
                                            *Corporation; Bank of America, N.A., on behalf of*
                                            *itself and as successor-by-merger to BAC Home*
                                            *Loans Servicing, LP*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2013, I served a true and correct copy of the foregoing **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** upon the following in the matter noted below:

James P. Tatten
8681 East 29th Avenue
Denver, Colorado 80238
(720) 256-3686
jim@legislativebasecamp.com
*(via CM/ECF and e-mail)*

/s/ Amy Rock
Amy Rock